UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MISTY DENEAULT | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:17-cv-113 |
| | § | |
| JAVIER ADONO and | § | |
| BELTRAN TRUCKING, INC. | § | |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, MISTY DENEAULT, Plaintiff in the above-captioned civil action, and files this her Original Complaint, complaining of Defendants JAVIER ADONO and BELTRAN TRUCKING, INC., and for cause of action would show the following:

### I. PARTIES

1. Plaintiff Misty Deneault is an individual resident of the State of Texas.

2. Defendant Javier Adono is an individual resident of the State of California and may be served with process at his home located at 20988, Apt. A, Nisqually Road, Apple Valley, California 92308-4363.

3. Defendant Beltran Trucking, Inc. is an Arizona corporation with its principal place of business and headquarters located at 1668 South 233 Road, Buckeye, Arizona 85326. Service of process may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving its registered agent, USA-RA, LLC, located at 11811 N. Tatum Blvd., #3031, Phoenix, Arizona 85028, via certified mail, return receipt requested.

## II.   JURISDICTION AND VENUE

4.     The Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.     Venue is appropriate in the United States District Court for the Western District of Texas, pursuant to 28 U.S.C Section 1391(b), because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## III.   FACTUAL BACKGROUND

6.     This case arises from an auto accident that occurred in Kendall County, Texas, involving a Texas resident and a tractor-trailer operated at all relevant times by Defendant Javier Adono which was owned by Defendant Beltran Trucking, Inc.  Plaintiff brings claims against the driver, Defendant Javier Adono and his employer / owner of the commercial motor vehicle, Defendant Beltran Trucking, Inc.

7.     On or about February 27, 2015, Plaintiff Misty Deneault (hereinafter "Deneault") was traveling westbound on Interstate Highway 10 in her 2008 Ford Focus in Kendall County, Texas. Ms. Deneault was stopped in traffic due to an accident up ahead, severe weather conditions and heavy traffic as result thereof.  The roadway was icy due to sleet.  Defendant Javier Adono (hereinafter "Adono") was traveling westbound on Interstate Highway 10 in Kendall County, Texas while operating a 2002 Freightliner Columbia towing a 1999 Utility Trailer owned by Defendant Beltran Trucking, Inc. (hereinafter "Beltran").  Although Adono was aware of the treacherous traffic and weather conditions, he continued to travel at a high rate of speed when suddenly and without warning, Adono violently crashed his tractor-trailer into the rear of Deneault's vehicle at a contact speed of approximately 40 mph, causing Plaintiff's vehicle to

violently accelerate and collide into the rear-end another 18-wheeler stopped in front of her.  At twenty-three seconds prior to the violent collisions, Adono was traveling at approximately 73 mph, a speed completely unsafe for the given traffic and weather conditions.  The investigating officer at the scene of the collision cited Adono for his failure to control speed. Deneault was thereafter transported via ambulance to a local hospital for treatment.

8. Deneault suffered severe injuries as a result of the accident, including, but not limited to: traumatic brain injury, cervical and lumbar spinal injuries, as well as resulting post-traumatic stress disorder, anxiety and depression.  Deneault's physical injuries have resulted in severe pain and suffering, surgical intervention and significant rehabilitation.  In reasonable medical probability, Deneault will require numerous future surgeries in addition to her course of physical therapy and cognitive therapy.

### IV.    CAUSES OF ACTION AS TO DEFENDANT ADONO

*A.    Negligence*

9. The allegations set forth in paragraph 1-8 are hereby incorporated by references as if fully set forth herein.

10.  The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligent conduct of the agent for Defendant Beltran in one or more of the following respects:

   a)   in failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

   b)   in failing to timely apply the brakes to his vehicle in order to avoid the collision in question;

   c)   in failing to turn his vehicle in an effort to avoid the collision in question;

   d)   in failing to maintain a reasonable speed for the road conditions; and

e)    in failing to maintain his vehicle on the right side of the roadway.

11. Defendant Adono had a common-law duty to exercise ordinary care in the operation of his vehicle so as not to endanger the safety of others such as Deneault. *Metzger v. Gambill*, 37 S.W. 2d 1077, 1079 (Tex. Civ. App. — Dallas 1931, writ ref'd.). Ordinary care is that degree of care that would have been used by a person of ordinary prudence under the same or similar circumstances. *Lumpkins v. Thompson*, 553 S.W. 2d 949, 952 (Tex. Civ. App. — Amarillo 1977, writ ref'd.).

12. Specifically, the law imposes on all persons a duty to keep a proper lookout, meaning such lookout as a person of ordinary prudence would have kept under the same or similar circumstances. *See, Blount v. H.G. Berning, Inc.*, 211 S.W. 2d 773, 774 (Tex. Civ. App. — Dallas 1948, writ ref'd.). This duty encompasses not only a duty to look, but also a duty to "observe in a careful and intelligent manner the traffic and general situation at and in the vicinity of the intersection, including speed and proximity of vehicles approaching from either direction." *Lynch v. Ricketts*, 314 S.W. 2d 273, 275 (Tex. 1958).

13. Defendant Adono breached the aforementioned duty to Deneault by negligently failing to keep a proper lookout and failing to control while traffic was slowing down and/or at a stop as he was traveling westbound on Interstate Highway 10 in Kendall County, Texas. Specifically, Defendant Adono utterly failed in his duty to carefully observe in an intelligent manner the general situation present on the roadway, including the severe weather conditions, his speed and proximity of other vehicles such as Deneault's.

14. Moreover, had Defendant Adono been maintaining a proper lookout as he is legally obligated to do, or further reduced his speed appropriate with the weather and road conditions, he would have specifically noticed Deneault's 2008 Ford Fusion and other traffic at a halt. However, because Defendant Adono was not maintaining a proper lookout or controlling his speed, operating

at a safe speed for the given weather and road conditions or even looking at the surrounding traffic as he attempted to travel westbound on Interstate Highway 10 in Kendall County, Texas, he failed to take timely evasive or precautionary actions to avoid the subject collision.  Therefore, Defendant Adono failed to exercise that level of diligence and care which a person of ordinary prudence would have kept under the same or similar circumstances.

15.     Defendant Adono's acts and omissions complained of are the proximate cause of all of Deneault's damages which are the natural, probable, and foreseeable consequences of Defendant Adono's said acts and omissions.  Moreover, Deneault has sustained numerous and severe injuries as a result of the Defendants' failure to exercise reasonable care, and she will suffer substantial future damages as well.  Specifically, Deneault has incurred past medical expenses, suffered physical impairment, physical disfigurement, past pain and suffering, and in all reasonable probability will incur future medical expenses, endure future pain and suffering, and future mental anguish.

16.     Defendant Adono operated his commercial motor vehicle at a speed greater than was reasonable and prudent under the circumstances, therefore violating Texas Transportation Code Sec. 545.351.  Further, tort liability may be imposed onto any defendant who breaches the duty set forth in this statute.  *Sutherland v. Cotter*, 226 S.W. 2d 476 (Tex. Civ. App. 1949) (providing that former § 61(a) of this Article constitutes a reiteration in form of a penal provision of a rule of tort liability long recognized by the courts of Texas).  The standard of care for breach of the aforementioned duty is ordinary care.  *Louisiana-Pacific Corp. v. Knighten*, 976 S.W. 2d 674, 675 (Tex. 1998); *Smith v. Central Freight Lines, Inc.*, 774 S.W. 2d 411, 412 (Tex. App. — Houston [14 th Dist.] 1989 writ denied).  Finally, ordinary care is that degree of care which would have

been used by a person or ordinary prudence under the same or similar circumstances. *Lumpkins v. Thompson*, 553 S.W. 2d 949, 952 (Tex. Civ. App. — Amarillo 1977, writ ref'd.).

17.     Defendant Adono did not drive slowly and smoothly on slippery roads and therefore violated 49 C.F.R 383.131 - Test manuals and 49 C.F.R. 383.111 - Required knowledge, and did not follow Texas Commercial Motor Vehicle Drivers Handbook 2.13 - Driving in Winter. Moreover, Defendant Adono completely failed in his duty to maintain a constant awareness of the traffic situation in his immediate vicinity and to operate his vehicle in a manner to prevent foreseeable harm to other travelers on the roadway such as Deneault.

18.     Finally, Defendant Adono's acts and omissions complained of are the proximate cause of all of Deneault's damages which are the natural, probable, and foreseeable consequences of Defendant Adono's said acts and omissions.  Moreover, Deneault has sustained numerous and severe injuries as a result of the Defendant's failure to exercise reasonable care, and she will suffer substantial future damages as well.  Specifically, Deneault has incurred past medical expenses, suffered physical impairment, physical disfigurement, past pain and suffering, and in all reasonable probability will incur future medical expenses, endure future pain and suffering, and future mental anguish.

**B.     *Negligence Per Se***

19.     The allegations set forth in paragraph 1-18 are hereby incorporated by references as fully set forth herein.

20.     Defendant Adono had a statutory duty to exercise ordinary care in the operation of a motor vehicle by "maintaining an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, [Defendant Adono] can safely stop without colliding with another vehicle or veering into another vehicle, object or person on or

near the highway." Tex. Transp. Code § 545.062(a).  Further, tort liability may be imposed onto any defendant who breaches the duty set forth in this statute. *Sutherland v. Cotter*, 226 S.W. 2d 476 (Tex. Civ. App. 1949) (providing that former § 61(a) of this Article constitutes a reiteration in form of a penal provision of a rule of tort liability long recognized by the courts of Texas). The standard of care for breach of the aforementioned duty is ordinary care. *Louisiana-Pacific Corp. v. Knighten*, 976 S.W. 2d 674, 675 (Tex. 1998); *Smith v. Central Freight Lines, Inc.*, 774 S.W. 2d 411, 412 (Tex. App. — Houston [14 th Dist.] 1989 writ denied).  Finally, ordinary care is that degree of care which would have been used by a person or ordinary prudence under the same or similar circumstances. *Lumpkins v. Thompson*, 553 S.W. 2d 949, 952 (Tex. Civ. App. — Amarillo 1977, writ ref'd.).

21.     Defendant Adono breached the aforementioned duty to Deneault by negligently failing to maintain a safe distance while traveling westbound on Interstate Highway 10 in Kendall County, Texas and operating a 2002 Freightliner Columbia towing a 1999 Utility Trailer owned by Defendant Beltran, on or about February 27, 2015.  Specifically, Defendant Adono completely failed in his duty to maintain a constant awareness of the traffic situation in his immediate vicinity and to regulate the speed of his vehicle in a manner to prevent foreseeable harm to other travelers on the roadway such as Deneault.

22.     Finally, Defendant Adono's acts and omissions complained of are the proximate cause of all of Deneault's damages, which are the natural, probable, and foreseeable consequences of Defendant Adono's said acts and omissions.  Moreover, Deneault has sustained numerous and severe injuries as a result of the Defendant's failure to exercise reasonable care, and she will suffer substantial future damages as well.  Specifically, Deneault has suffered past medical expenses, physical impairment, physical disfigurement, past pain and suffering, and in all reasonable

probability will suffer future pain and suffering, future mental anguish and future medical expenses. Plaintiff also seeks exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a).

### C.     *Gross Negligence*

23.    The allegations set forth in paragraph 1-22 are hereby incorporated by references as fully set forth herein.

24.    The conduct of Defendant Adono described above constituted gross negligence in accordance with Tex. Civ. Prac. & Rem. Code § 41.003(a)(3) and § 41.0011(1). At the time that Defendant Adono slammed into the rear of Deneault's vehicle, or shortly before, Defendant Adono had an actual, subjective awareness that driving a large 18-wheeler in severe weather conditions while not watching the road created an extreme degree of risk, in the form of a substantial likelihood that innocent passengers such as Deneault would be severely injured by Defendant Adono's conduct, yet he proceeded with a conscious indifference to the rights, safety and welfare of others, namely Deneault.

25.    Additionally, the acts or omissions complained of involve an extreme degree of risk when viewed objectively from Defendant Adono's standpoint at the time he decided to disregard the road conditions and the road ahead of him, considering the probability and magnitude of the potential harm to all those vehicles in front of him, including Deneault. Defendant Adono's failure to exercise reasonable care in spite of the Defendant's actual awareness of and the foreseeability of the extreme risk of harm created by his failure to maintain a proper lookout by keeping his eyes on the road, and further, by not maintaining a safe speed or distance from the Deneault's vehicle have caused Deneault's substantial physical and mental damages.

26.    Defendant Adono's actions and omissions complained of are the proximate cause of all of Deneault's damages, which are the natural, probable and foreseeable consequences of Defendant

Adono's said acts and omissions. Moreover, Deneault has sustained numerous and severe injuries as a result of the Defendant's gross failure to exercise reasonable care, and they will also suffer substantial future damages as well.  Specifically, Deneault has suffered past medical expenses, past pain and suffering, past mental anguish, physical impairment, physical disfigurement, and in all reasonable probability will suffer future medical expenses, future pain and suffering and future mental anguish as well.  In addition, Deneault seeks exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a).

## V.     CAUSES OF ACTION AS TO DEFENDANT BELTRAN

### A.     *Negligent Entrustment to Incompetent Driver*

27.     The allegations set forth in paragraph 1-26 are hereby incorporated by references as fully set forth herein.

28.     Defendant Beltran is liable to Deneault for the negligent entrustment of one of its tractor-trailers to an incompetent driver, namely Defendant Adono.  At the time of the collision in question, Defendant Beltran was the owner of the 2002 Freightliner Conventional Tractor Trailer, VIN 1FUJA6CG52PK06396 towing a 1999 Utility Trailer MFG, VIN 1UYVS2539XM792913 owned by Defendant Beltran.  On or about February 27, 2015, Defendant Beltran allowed the above-mentioned vehicle to be operated by Defendant Adono or the purpose of operating it on the public streets and highways of Texas, and Defendant Adono operated it with the knowledge, consent and permission of Defendant Beltran.  At such time, Defendant Adono was incompetent and unfit to safely operate a motor vehicle on the public streets and highways.  Defendant Beltran knew, or in the exercise of due care should have known, that Defendant Adono was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas.

29.     Furthermore, Defendant Beltran's acts and omissions complained of, namely the negligent entrustment of the large, dangerous and powerful vehicle to Defendant-Operator Adono are the proximate cause of all or a portion of Deneault's damages, which are the natural, probable and foreseeable consequences of Defendant Adono's said acts and omissions.  Moreover, Deneault sustained numerous and severe injures as a result of Defendant Beltran's gross failure to exercise reasonable care in the selection and entrustment of its drivers and vehicles.  Specifically, Deneault has suffered past medical expenses, past pain and suffering, past mental anguish, physical impairment, physical disfigurement, and in all reasonable probability will suffer future medical expenses, future pain and suffering and future mental anguish as well.  In addition, Deneault seeks exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a).

**B.     *Negligent Supervision, Hiring and/or Retention***

30.     The allegations set forth in paragraph 1-29 are hereby incorporated by references as fully set forth herein.

31.     Defendant Beltran was negligent in the hiring, retention and/or supervision of Defendant Adono who was an employee of Beltran at the time of the events complained of in this suit.

32.     Specifically, Defendant Beltran had a duty to hire, supervise and retain Defendant Adono as a tractor-trailer driver or employee in accordance with all applicable state and federal motor vehicle carrier safety and driving regulations.  Accordingly, Defendant Beltran breached this duty in the following ways:

    a)    Hiring Defendant Adono as a tractor-trailer driver or employee when a reasonably prudent operator or employer would not have done so;

    b)    Failing to properly supervise Defendant Adono by ensuring that he complied with all applicable federal and state motor vehicle carrier safety and driving regulations;

    c)    Retaining Defendant Adono in his capacity as a tractor-trailer operator in violation of applicable federal and state motor vehicle carrier safety and driving regulations when a reasonably prudent operator or employers would not have;

      d)      Failing to investigate Defendant Adono's driving record as required by 49 C.F.R. § 391.23; and

      e)      Failing to adequately investigate Defendant Adono's employment history as required by 49 C.F.R. § 391.23.

33. As a proximate cause of the Defendants' breaches of the above standards of care, Deneault has suffered substantial injury and damages in an amount within the minimum jurisdictional requirements of this Court.

### C. *Respondeat Superior*

34. The allegations set forth in paragraph 1-33 are hereby incorporated by references as fully set forth herein.

35. Defendant Beltran is liable to Deneault for the negligent acts of Defendant-Operator Adono because at the time of the collision described above, Defendant Adono was the agent, servant and/or employee of Defendant Beltran, and was acting within the scope of his authority as such agent, servant and/or employee. A Defendant employer will face liability for the negligent torts of its employee if (1) a Plaintiff is injured as the result of a tort; (2) the tortfeasor was an employee of the Defendant, and (3) the tort was committed while the employee was acting within the scope of his employment. *Baptist Mem'l. Hosp. v. Sampson*, 969 S. W. 2d 945, 947 (Tex. 1998) (elements 1-3). A tort is committed while the employee is acting within the scope of his or her employment, and he or she was acting (1) within the employee's general authority, (2) in furtherance of the Defendant's business, and (3) for the accomplishment of the object for which the employee was hired. *Minyard Food Stores v. Goodman,* 80 S.W. 3d 573, 577 (Tex. 2002) (element 3); *Mata v. Andrews Transp.*, 900 S.W. 2d 363, 366 (Tex. App. — Houston [14 th Dist.] 1995, no writ) (element 3).

36. In the present case, Defendant Beltran is liable for the tortious acts committed by Defendant Adono because Defendant Adono was an employee who was within the course and scope of his

employment working for Defendant Beltran as a truck driver. Specifically, on the day in question, Defendant Adono was acting within the course and scope of his employment as a truck driver and in furtherance of Defendant Beltran's business, which included the transportation of goods, and was acting for the accomplishment of the object for which Adono was hired, namely driving trucks operated by and/or for Defendant Beltran.

37. Furthermore, Defendant Beltran is liable and responsible for the damages and injuries inflicted by Defendant Adono even though he may be considered an independent contractor as required by 49 C.F.R. § 390.5. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Misty Deneault was caused to suffer serious and permanent injuries and to incur the following damages:

    a) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in BEXAR County, Texas;

    b) Reasonable and necessary medical care and expenses that will in all reasonable probability be incurred in the future;

    c) Physical pain and suffering in the past;

    d) Physical pain and suffering in the future;

    e) Physical impairment in the past;

    f) Physical impairment that, in all reasonable probability, will be suffered in the future;

    g) Loss of earning capacity and income in the past;

    h) Loss of earning capacity and income that will, in all probability, be incurred in the future;

    i) Loss of physical capacity other than wage earning capacity in the past;

    j) Loss of physical capacity other than wage earning capacity in the future;

k)   Mental anguish in the past;

l)   Mental anguish in the future;

m)   Fear of future disease or condition; and

n)   Cost of medical monitoring and prevention in the future.

## VI.   JURY DEMAND

38.   Plaintiff hereby demands a jury in this action and tenders the appropriate fees.

## VII.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Misty Deneault, respectfully prays that the Defendants Javier Adono and Beltran Trucking, Inc., be cited to appear and answer herein, and that upon final trial Plaintiff have:

a)   Judgment be entered for the Plaintiff against Defendants, jointly and severally, for: all reasonable medical care and expenses in the past which were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in BEXAR County, Texas; all reasonable and necessary medical care and expenses that will in all reasonable probability be incurred in the future; physical pain and suffering in the past; physical pain and suffering in the future; physical impairment in the past; physical impairment that, in all reasonable probability, will be suffered in the future; loss of earning capacity and income in the past; loss of earning capacity and income that will, in all probability, be incurred in the future; loss of physical capacity other than wage earning capacity in the past; loss of physical capacity other than wage earning capacity in the future; mental anguish in the past; mental anguish in the future; fear of future disease or condition; and cost of medical monitoring and prevention in the future;

b)   Property damage of Plaintiff's 2008 Ford Focus vehicle, including her loss of use associated therewith;

c)   Pre-judgement and post judgement interest on said judgment at the maximum rate allowed under Texas law;

d)   All costs expended; and

e)   Such other and further relief, general or special, at law or in equity, to which Plaintiff Misty Deneault may show herself justly entitled.

Respectfully submitted,

**THE ARMSTRONG FIRM, PLLC**
310 S. St. Mary's St., Suite 2700
San Antonio, Texas 78205
Telephone: (210) 277-0542
Facsimile: (210) 277-0548

*/s/ RWA^2*
R.W. Armstrong, II
*State Bar No. 24059394*
Amanda Armstrong
*State Bar No. 24059774*

and

**SADOVSKY & ELLIS, PLLC**
Jon B. Ellis
State Bar No. 24080878
Gable M. Sadovsky
State Bar No. 24081788
8546 Broadway Suite 140
San Antonio, Texas 78217
Telephone: (210) 832-9090
Facsimile: (210) 802-4131